IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

Eastern District of Kentucky
**FILED**
MAR 3 - 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

RICHARD V. PELTIER, )
)
Plaintiff, )
)
v. ) No. 06-cv-46
)
NORFOLK SOUTHERN RAILWAY ) TRIAL BY JURY DEMANDED
COMPANY, )
) **DAVID L. BUNNING**
Defendant. )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, RICHARD V. PELTIER, by and through his attorneys, James T. Foley and HOEY & FARINA, P.C., and for his Complaint against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, (hereinafter "NS"), states as follows:

### COUNT I - FELA

1. Jurisdiction of this Court is invoked under the provision of Title 45 U.S. Code §56 and Title 28 U.S. Code §1331.

2. This action arises under and the rights and liabilities of the parties to this cause are governed by the Federal Employers' Liability Act, 45 U.S. Code §51 *et seq.*

3. On October 16, 2004, at or about 8:25 P.M. and at all pertinent times, NS was a railroad corporation doing business in the State of Kentucky.

4. On October 16, 2004, at or about 8:25 P.M. and at all pertinent times, NS owned and operated a railroad in interstate commerce.

5. On October 16, 2004, at or about 8:25 P.M. and at all pertinent times, Plaintiff was employed by Defendant NS as a conductor.

6. On October 16, 2004, at or about 8:25 P.M. and at all pertinent times, Defendant NS owned, managed, maintained and used as a portion of its railroad system, an area of track and track right of way located at or about milepost 43.5 in Mason County Kentucky.

7. On October 16, 2004, at or about 8:25 P.M. and at all pertinent times, Plaintiff, RICHARD V. PELTIER, was performing work for Defendant in connection with or in furtherance of Defendant's business of interstate commerce and transportation.

8. In the course of his duties as a conductor on October 16, 2004, at or about 8:25 P.M., while working train I87, Plaintiff was required to inspect his train due to the receipt of a dragging equipment detector alarm in the cab of the lead locomotive. After inspecting all axles indicated by the Defendant and finding no defect, Plaintiff was walking back to the head end, at or about mile post 43.5 in Mason County Kentucky, in an area between two tracks that was very steep, made up of very large loose unstable ballast, with no artificial light, when he came upon an elevated county road crossing, causing him to fall violently, injuring his left knee, right hand and back.

9. As a result of slipping and falling violently on the severely sloped, loose ballast at the elevated road crossing, the Plaintiff, RICHARD PELTIER, was seriously injured.

10. It was the continuing duty of the Defendant, NS, as the Plaintiff's employer at the time and place in question, to provide the Plaintiff with a reasonably safe place to work; to provide reasonably safe conditions in which to work; and to provide reasonably safe equipment, tools and working conditions.

11. In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

    (a) Failed to adapt, install, implement and enforce a safe method and procedure for the described operation;

    (b) Failed to properly inspect, maintain, and process its roadbed, walkways, ballast and properties, so that the same became hazardous to the safe footing of its employees;

    (c) Failed to properly warn Plaintiff that there was a tripping hazard in his work area;

    (d) Failed to properly illuminate Plaintiff's work area;

    (e). Negligently and carelessly caused unsecured ballast, debris, untamped and loose ballast, oversize ballast to surround an area that Defendant knew Plaintiff and its other employees would be forced to transverse, and work in;

    (f) Negligently and carelessly failed to properly treat ballast, tamp ballast, slope ballast, and maintain proper walkways in the area discussed above;

    (g) Negligently and carelessly failed to maintain its track structure, including ballast level to the proper specification as set forth in 49 CFR 213.1 through 49 CFR 213.103;

    (h) Negligently and carelessly failed to properly maintain, repair, replace the draining equipment detectors along its items tracks including these located in and around the area of M.P 43.5, when it had actual notice of the defective equipments located in that area;

    (i) Negligently and carelessly failed to warn Plaintiff of the poor ground condition in the area complained of and the unsafe conditions present when timely warning would have averted injury to the Plaintiff;

(j) Failed to properly inspect the walkway, ballast, ballast level and slope and road crossing at the location identified when ordinary inspection would have revealed that the area contained hazardous, dangerous footing and work condition and insufficient, unsafe lighting;

(k) Failed to maintain, repair and treat the walkway, ballast level and slope between its tracks when it knew or should have known and foreseen that Plaintiff would be subjected to jeopardy of injury while performing his duties along said work area; and

(l) Otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

12. Defendant NS's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

13. As a direct and proximate cause of the foregoing, Plaintiff incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability, as a further result, Plaintiff has been and will in the future be kept from attending to his ordinary affairs and duties and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future;

Plaintiff, RICHARD V. PELTIER, demands a trial by jury.

WHEREFORE, the Plaintiff, RICHARD PELTIER, demands judgment in his favor and against Defendant NS in a sum in excess of $100,000.00 plus the costs of this suit.

## COUNT II - SAFETY APPLIANCE ACT

NOW COMES the Plaintiff, RICHARD V. PELTIER, by and through his attorneys, James T. Foley and HOEY & FARINA, P.C., and for Count II of his Complaint against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY (hereinafter "NS"), states as follows:

1-12. Plaintiff re-alleges the allegations contained in paragraphs 1 through 11, including subparts (a) through (k), and incorporates them herein by reference as if fully stated as paragraphs 2-12 (including subparts (a) though (k)) of Count II.

13. That pursuant to 45 U.S. C. §1-21, the Defendant railroad was under an absolute duty to have all cars which it hauls or permits to be hauled or used on its line to be equipped with secure, efficient and properly maintained safety appliances, including, dragging equipment detectors, and Defendant railroad had an absolute duty to comply with the regulations promulgated by the Federal Railroad Administration.

14. Defendant's violation of its duties, set forth in paragraph 13 above, specifically equipping and requiring Plaintiff to work a train with a defective dragging equipment detector, caused, in whole or in part, Plaintiff's injuries.

15. As a consequence, Plaintiff incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff has and will in the future be kept from attending to his ordinary affairs and duties and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

16. Plaintiff demands a trial by jury.

Respectfully submitted,

RICHARD V. PELTIER

By: _____
Attorney for Plaintiff

James T. Foley
HOEY & FARINA, P.C.
542 S. Dearborn Street
Suite 200
Chicago, IL 60605
(312) 939-1212